IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DEMETRIEL LAQUINTON FLOYD, SR. PLAINTIFF

v. Civil No. 4:26-cv-04035-SGS

ELEUTERIO HERNANDEZ;
CHET STUBS; and ANA MAHEIA DEFENDANTS

**ORDER OF DISMISSAL**

Plaintiff, Demetriel LaQuinton Floyd, Sr., originally filed this 42 U.S.C. § 1983 action and *in forma pauperis* ("IFP") application *pro se,* on May 8, 2026. (ECF Nos. 1-2). Plaintiff was granted IFP status on the same day. (ECF No. 4). Currently before the Court, is Defendants' Motion to Dismiss, (ECF No. 15).[1]

## I. BACKGROUND

In the Court's Filing Order, Plaintiff was specifically advised:

> **If Plaintiff is transferred to another jail or prison or released, he shall have 30 days from the date of transfer or release in which to notify the Court of his new address. . . Failure to inform the Court of an address change shall result in the dismissal of this case.**

(ECF No. 4) (emphasis in original).

On June 29, 2026, the Court received mail sent to Plaintiff at his address of record returned as undeliverable mail. (ECF No. 9). Written on the outside of the envelope returned was "RTS Not in our Jail." *Id.*

[1] On July 28, 2026, the parties consented to have a Magistrate Judge conduct all proceedings in this case including a jury or nonjury trial and to order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF No. 13).

On July 28, 2026, the Court received additional mail sent to Plaintiff at his address of record returned as undeliverable mail. (ECF No. 14).

On July 31, 2026, Defendants filed a Motion to Dismiss. (ECF No. 15). In their Motion, Defendants state they received attempts at service of their Answer upon Plaintiff at his address of record returned as undeliverable mail. *Id.* Defendants attached an Affidavit of Attempted Service to their Motion in which Defendants' counsel, Falyn Traina, testified the service on Plaintiff sent to his address of record was returned marked "Return to Sender – Not Deliverable as Addressed – Unable to Forward." (ECF No. 17).

Plaintiff has not communicated with the Court since sending his Consent or Request for Reassignment Form to the Clerk of the Court on May 27, 2026. (ECF No. 13).[2]

## II. DISCUSSSION

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the

[2] The Court notes this Consent Form was not filed until July 28, 2026, when Defendants' Consent Form was also received, but clearly marked on Plaintiff's form and envelope is the received date of May 27, 2026. (ECF No. 13, p. 2).

court. Fed R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

As evidenced by the docket, Plaintiff has failed to comply with the Court's Filing Order and keep his address of record up to date. In this Order, Plaintiff was advised that he had thirty days to inform the Court of any address change before his case would be subject to dismissal. (ECF No. 4). Plaintiff has failed to do so. The Court first received returned mail sent to Plaintiff's address of record on June 29, 2026. (ECF No. 9). The thirty-day deadline to update his mailing address has long expired. Accordingly, Plaintiff's Complaint shall be dismissed without prejudice for failure to comply with the Court's Order and keep his address of record up to date.

## III. CONCLUSION

Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Defendants' Motion to Dismiss (ECF No. 15) is hereby **GRANTED** and Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this **28th day of October 2026**.

/s/ Spencer G. Singleton
HON. SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE